IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY GODECK : CIVIL ACTION
:
v. :
:
JOHN THOMAS, et al. : NO. 09-5583

MEMORANDUM

McLaughlin, J. July 26, 2010

    This is a pro se civil rights action brought pro se by a prisoner for claims arising out of the seizure of food from his prison cell. The defendants, John Thomas, the Superintendent of the State Correctional Institution at Chester ("SCI-Chester"), and Captain James Spagnoletti, the Head of Internal Security at SCI-Chester, move to dismiss the complaint on several grounds. The plaintiff has not filed a response, and the time for doing so has passed. Because the plaintiff is proceeding pro se, the Court will not grant the motion as uncontested but will decide it on the merits. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). For the following reasons, the motion will be granted.

    The complaint alleges that, on January 2, 2009, "search team officers" searched the plaintiff's cell at SCI-Chester and confiscated $278.72 worth of food items as contraband. Prison policy allows inmates to spend a maximum of $55 per week on items from the commissary. That maximum is increased to $75 dollars

during the holiday season.  Any amount over the monetary limit is considered contraband.  Outside purchases are excluded from the limit.  Although the plaintiff did possess an amount of food over the monetary limit, he alleges that the majority of the items were not subject to the $75 commissary limit because they were purchased through food drives and sales operated by outside organizations.  The plaintiff seeks damages in the form of financial compensation for the food confiscated and legal fees.[1]

The defendants move to dismiss the plaintiff's complaint on three grounds: (1) that the plaintiff's claims for damages under § 1983 are barred by the Eleventh Amendment, (2) that the plaintiff's claims are barred because he does not allege that either defendant was personally involved in the seizure of the food, and (3) that the plaintiff did not exhaust his administrative remedies because the Chief Hearing Examiner did not rule on the merits of the plaintiff's grievance.

---

[1] The plaintiff's complaint also includes a request for an injunction prohibiting any retaliation against him for the filing of this suit.  To establish a present case or controversy in an action for injunctive relief, a plaintiff must show that he is likely to suffer future injury from defendant's threatened illegal conduct. <u>Roe v. Operation Rescue</u>, 919 F.2d 857, 864 (3d Cir. 1990).  The plaintiff's complaint, however does not allege any facts demonstrating that the defendants have retaliated against him in the past or demonstrating a credible threat that they will retaliate against him in the future.  Any threat of retaliation is speculative and does not present a case or controversy for injunctive relief.

The plaintiffs' complaint does not state what law he believes the defendants' violated. The Court presumes, as do the defendants, that the plaintiff is alleging that he was deprived of his property without due process in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. The Court also will presume that he is suing the defendants in both their official and individual capacities.

To the extent the plaintiff's lawsuit seeks money damages from state officials acting in their official capacities, such claims are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 165-167 (1985). The Eleventh Amendment bars claims for any type of relief against the states. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). The Eleventh Amendment applies to claims asserted in federal court under § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Pennsylvania has not waived its immunity under the Eleventh Amendment because it has not consented to suit in federal court. 42 Pa.C.S.A. § 8521(b).

Eleventh Amendment protection applies to state agencies. See Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd., 298 F.3d 201, 205 n.2 (3d Cir. 2002). The Pennsylvania Department of Corrections is considered to be a state agency. Lavia v. Pa. Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000). Individual state prisons like SCI-Chester

also qualify for Eleventh Amendment protection. See, e.g., Harcum v. Shaffer, No. 06-5326, 2007 WL 4167161, *3-4 (E.D.Pa. Nov. 21, 2007); Young v. Medden, No. 03-5432, 2006 WL 456274, *18 (E.D. Pa. Feb. 23, 2006). Claims made against state officials in their official capacities are treated as claims made against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). SCI-Chester Superintendent Thomas and Captain Spagnoletti are prison officials. The Eleventh Amendment bars suit against them in their official capacities for monetary damages.

Nor has the plaintiff alleged facts sufficient to state a claim against the defendants in their individual capacities. A plaintiff cannot recover damages against a supervisory official under § 1983 under a theory of vicarious liability or respondeat superior. Rode v. Dellarciprete, 845 F.2d 126, 133 (3d Cir. 1986). To state a viable damages claim under § 1983, a plaintiff must allege that the defendant was personally involved in depriving him of his federal rights. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Personal involvement may be established by allegations of personal direction, actual knowledge and acquiescence or direct discrimination and must be made with appropriate particularity. Id.

The complaint does not allege that either defendant participated in or had direct knowledge of the search of the

plaintiff's cell or the seizure of the food.  Nor does the plaintiff allege that the defendants acquiesced in the alleged misconduct or failed to properly train subordinate employees.  In fact, the names of the two defendants appear solely in the complaint's caption and are not mentioned again in the complaint.

In civil rights cases, a plaintiff whose complaint has been dismissed must be allowed to amend his complaint to correct his pleading deficiencies, unless allowing an amendment would be inequitable or futile.  <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007).  The defendants argue that the plaintiff's complaint should be dismissed because the plaintiff failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (a).  See <u>Woodford v. Ngo</u>, 534 U.S. 516 (2002).  If the defendants are correct, then amendment would be futile.

The documents attached to the plaintiff's complaint, however, show that the plaintiff exhausted his administrative remedies.  To exhaust his administrative remedies, a prisoner must complete the administrative process in accordance with the prison's procedural rules.  <u>Id.</u> at 93.  If the inmate's appeal is dismissed for procedural defects, such as untimeliness, the prisoner has not exhausted his administrative remedies under the PLRA.  <u>Id.</u>  The Pennsylvania Department of Corrections's

disciplinary policy, DC-ADM 801, provides for three levels of appeal from a guilty finding by a hearing examiner on a misconduct report: (1) a first level of appeal to the Program Review Committee, (2) a second level of appeal to the facility's superintendent, and (3) a final appeal to the DOC Chief Hearing Officer.

After the plaintiff was issued a misconduct for the possession of contraband, he pled guilty at his disciplinary hearing. He appealed to the superintendent, who affirmed the guilty finding but reduced the misconduct level. The plaintiff appealed that decision to the Chief Hearing Examiner, who denied the appeal on the ground that, because the plaintiff pled guilty at his misconduct hearing, he could not contest the facts resulting in the determination of guilt on appeal.

The defendants' argue that, because the Chief Hearing Officer did not reach the merits of the plaintiffs' appeal because the plaintiff pled guilty at his misconduct hearing, the plaintiff has not exhausted his administrative remedies. The fact that the Chief Hearing Officer did not reach the merits of the plaintiff's appeal is not a "procedural defect." The Chief Hearing Examiner's decision does not state that the plaintiff failed to follow any of the procedures under DC-ADM 801 in bringing his appeal. In fact, it states that the plaintiff's appeal was "accepted for final review." The Chief Hearing

Examiner reviewed "the entire record of the plaintiff's misconduct," and, after doing so, found that, the plaintiff's guilty plea barred him from contesting the facts resulting in the original determination of guilt.  The plaintiff's appeal was denied for that reason, not for any failure to follow the proper procedures in appeal.

Because the plaintiff exhausted his administrative remedies, the Court does not find that amendment would be futile at this time.  For these reasons, the Court dismisses this action without prejudice.  The plaintiff has leave to amend his complaint to attempt to cure the deficiencies outlined herein.

An appropriate order will be entered separately.